ROANE, Judge.
In the case of a negotiable bill no consideration is necessary to be proved, and the endorsee is not affected by the want of it. But a negotiable bill may be restrained by special endorsement, as was decided in the case of Ancher v. i . .
The Bank, Dougl. 615; and, in questions *upon such restrictions, the intent must be collected from the face of the endorsement only. An absolute endorsement imports, upon the face of it, a valuable consideration received, and that the payee has transferred his right; after which receipt and sale, he can have no pre-tence for limiting the endorsement, as it must be immaterial to him, to whom it is paid. But a limited endorsement is a presumptive evidence, that the endorsee is agent only; otherwise it would be his interest not to accept of it in that form, as it would impede the future transfer of the bill. Therefore, whenever such a prohibition appears, it may, I think, be inferred, that the endorsement was not intended to be absolute. If the transfer to Power had, in fact, been absolute, his 'interest would have prompted him to object to the words restricting the negotiability, when the restriction would have tended to lessen the value of the bill. The presumption therefore is fair, that no consideration was paid for it: But that presumption might have been repelled, by proving a consideration actually paid. That however was not done; and therefore I infer that Power was an agent only, and not a purchaser. I think therefore that the evidence was proper.
FLEMING, Judge.
As the plea was nil debeti the defendant was at liberty to offer any evidence which tended to exonerate him; and, in the case of Ancher v. The Bank, Dougl. 61b, it was decided that the negotiability of the bill might be restricted by the endorsement. On the present occasion, the endorsement is to Jack Power or his order only; which furnishes a strong presumption, that he was but an agent, and paid no consideration for the bill, as there is no evidence to the contrary. If a motion had been made for a new trial upon the ground of surprize, that he might have an opportunity to prove a consideration paid, it ought to have been granted: and, if he did pay a valuable consideration, he may still be relieved in equity.
^CARRINGTON, Judge.
Something must have been meant by this endorsement so out of the common way. It affords a very strong presumption, that the endorsee was an agent only: and upon the plea of nil debet, evidence, to that effect might be given in aid of the prima facie presumption. Such evidence was given, and the proof is complete that Tabb was nothing but an agent. If Power, in fact, paid a valuable consideration for the bill without notice, and had moved for a rew trial upon that ground, and been refused it, this court might probably have reversed the judgment, for that reason. But as the : case stands, I am for affirming it, as the : appellee will be relieved from the perplexity i of the suit; and, if Power is injured by the verdict, a court of equity may relieve him, upon the ground of surprize.
PENDLETON, President.
If this were a common case, I should not give my opinion at large; but it is an important case to our commerce; and, in deciding the question, it is material to consider, whether this evidence would be admissible in England upon the plea of non assumpsit? and then whether our act of assembly has made any alteration? In both cases, nothing is, in general, required on the part of the plaintiff, but to produce the bill and the protest; but the evidence produced on the part of the defendant, maj' require other proof from him. As to the negotiability appearing from the writing the court only are to decide; but there are defences on facts which the jury are to determine, as if the defendant denies his hand writing ; or alleges that it was upon an illegal consideration, as usury, or gaming: these would not appear upon the papers; and therefore must be proved by parol evidence. In England this want of consideration would be proper evidence. Our law gives the action of debt, settles the damages to-be paid upon protest, and gives a dignity to foreign bills; but all these are given to one having a right to demand payment of the bill. And on the plea of nil debet, the defendant stands on the same ground as he would on non assumpsit in England. *What effect would it have on the endorsement, if she was to prove, ' : < that she parted with the bill ■without consideration? This she has done. Tabb was not going to Scotland; and therefore it was necessary to draw the bill payable to him or order. He having confided in Turnbull, passes it to him without any consideration ; but this could not affect Power; if he was a purchaser for a valuable consideration without notice. But the evidence stated in the bill of exceptions goes so far as to throw on him proof of value paid. No proof however is produced, by him, if payment of value; but he relies on the endorsement. This brings us to that question. That the negotiability of a bill of exchange may be restrained is undoubtedly true; as if I receive a bill drawn on a person in England, and endorse it to my correspondent, to be credited me in account: Suppose, instead of returning it (upon its being protested) he should, as endorsee, bring a suit, could he recover? Surely not. Is this endorsement of the same nature? The words, to Power or order, were sur-plusage if no restriction was intended; but being commonly used, might have been thrown in as scriveners in deeds use tautologous words; but the word only, which is not commonly used, could have been used for no other purpose, than to restrict the negotiability of the bill, and make Power an agent. But if it be doubtful on the face of the endorsement, the evidence explains it. If Power had been a purchaser, would he have accepted the bill with such an endorsement? Would he not have said, What is it to you, whether I endorse it to others or not? It is mine. If however Power can *773 shew himself a purchaser for a valuable consideration actually paid without notice, equity will relieve him on the ground of surprize. We had contemplated granting a new trial, but being an appellate court, and no motion for a new trial having been made in the district court, we could not do it.
The judgment therefore is to be affirmed.